CITY OF FORT SCOTT v. R. SLATER.

No. 13,145.  ( 72 Pac. 550.)

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS—*City and Police Courts of Fort Scott.* The act creating a city court in Fort Scott (Laws 1899, ch. 127), and giving to it the greater part of the jurisdiction formerly exercised by the police judge, did not abolish the office of police judge of the city of Fort Scott, nor did it take from that officer his right to the prescribed compensation.

Error from Bourbon district court; W. L. SIMONS, judge. Opinion filed May 9, 1903. Affirmed.

*A. L. H. Street,* for plaintiff in error.

*W. R. Biddle,* and *Hubert Lardner,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by R. Slater
to recover from the city of Fort Scott the sum of $1850,
alleged to be due to him as salary during his incum-
bency of the office of police judge. He was the police
judge, and had been receiving $50 per month as salary
until the passage of the act creating a city court in
Fort Scott. (Laws 1899, ch. 127.) This act con-
ferred on the new city court jurisdiction to hear and de-
termine all offenses against the ordinances of the city,
and it is claimed by the city that it operated to abolish
the office of police judge, and hence the mayor and
council refused to appropriate any salary for him.
Slater, assuming to be the police judge of the city,
held possession of the books and papers belonging to
the office, and also held himself in readiness to perform
the duties of the place for a number of months, when
he accepted other employment which caused him to
be absent from the city the greater part of the time.
In March, 1901, the legislature repealed the act creat-
ing the city court and Slater resumed the performance
of the duties of police judge, and was so recognized by
the city until his successor was regularly chosen. The
trial court held that the office was not abolished by
the act creating the city court and gave judgment
against the city for the amount of the salary up to
the time that Slater accepted other employment, viz.,
$316.

The first question is, Did chapter 127 of the Laws
of 1899 abolish the office of police judge? No refer-
ence whatever is made in the act to that officer, nor to
the acts defining his power and duties. A police judge
is an officer of a city of the first class whose powers
and duties are provided by a general statute applicable

alike to all cities of that class.    We cannot assume it
to have been the intention of the legislature to discontinue an office so established, nor to deprive an officer
of his functions, unless there is a clear provision of
statute indicating such intent.    The greater part of
the jurisdiction formerly exercised by the police judge
of Fort Scott was conferred upon another tribunal,
but the legislature did not deprive or undertake to deprive him of all the powers vested in him.    While it
took from him the jurisdiction to hear and determine
offenses against the ordinances of the city, he still had
power as police judge to perform the marriage ceremony, to administer oaths, to require laws for the
preservation of the public peace to be kept, and to that
end to require persons to give security to keep the
peace within the limits of the city, to issue warrants
for the arrest of persons charged with the commission
of criminal offenses, and to hold preliminary examinations.    Since these and possibly other powers remained
with him, it can hardly be said that the legislature
contemplated the discontinuance of an office of which
no mention was made in the act.

It was specifically held in *In re Hagan*, 65 Kan. 857,
68 Pac. 1104, that the act creating the city court of
Fort Scott did not repeal the general law providing
for a police judge in cities of the first class, nor abolish that office ; that during the existence of the act
creating the city court the general statute was operative in the city of Fort Scott, except as to the jurisdiction which had been taken from the police judge
and conferred on the city court, and that when that
act was repealed full jurisdiction was restored to the
police judge the same as it existed in other cities.

The right to the emoluments of an office is an incident, and follows the title to the office ; and as Slater

was the police judge he had a right to the prescribed salary, regardless of the extent of his services. The city council could not withhold the whole or any part of his compensation because he had not performed the duties and services required of him when he was first chosen, nor because such services were performed by another. It is clear that he was entitled at least to the amount awarded by the trial court, and therefore its judgment will be affirmed.

All the Justices concurring.